IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TONY TAYLOR,**

        **Petitioner,**

**v.**                                                    **Case No. 5:21-cv-00414**

**WARDEN, FCI Fort Dix,**[1]

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Tony Taylor ("Taylor"). (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 6). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.    Factual and Procedural History**

Taylor is a federal prisoner formerly housed at Federal Correctional Institution, Beckley in Beckley, West Virginia ("FCI Beckley") and currently housed at FCI Fort Dix

---

[1] As Petitioner has been transferred to Federal Correctional Institution Fort Dix ("FCI Fort Dix"), the proper respondent is that FCI's warden. The Clerk is directed to make this change on the docket of the Court.

1

in Fort Dix, New Jersey. According to the BOP Inmate Locator tool, Taylor is projected to be released on January 21, 2035.

### A.     *Proceedings in the Sentencing Court*

On September 2, 2019, a grand jury sitting in the Eastern District of Kentucky ("Sentencing Court") returned a ten-count superseding indictment charging Taylor with drug and gun charges, including illegal possession of a firearm by a person previously convicted of a crime punishable by more than a year's imprisonment in violation of 18 U.S.C. § 922(g)(1). *USA v. Taylor*, No. 6:09-cr-00043-GFVT-EBA-1 (E.D. Ky. Mar. 14, 2011) ("*Taylor I*"), ECF No. 141. Prior to trial, the Government and Taylor provided a factual stipulation agreeing that at the time set forth in the superseding indictment, Taylor had previously been convicted of a crime punishable by more than a year's imprisonment. *Id.*, ECF No. 162. Following a jury trial, Taylor was convicted of all ten counts. *Id.*, ECF No. 166. On March 14, 2011, Taylor was sentenced to a total 360 months of imprisonment, with sentences for the individual counts to be served concurrently. *Id.*, ECF Nos. 177, 180.

Taylor appealed to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), arguing that the search warrants used to gather evidence in the criminal investigation lacked probable cause, were overbroad, and were not saved by the good faith exception, and that two of the drug charges should have been dismissed. *USA v. Taylor*, Case No. 11-5319, 2012 WL 4835338 (C.A.6) ("*Taylor II*"), ECF No. 44. The Sixth Circuit rejected Taylor's arguments and denied his appeal. *Id.*, ECF No. 68. Taylor next petitioned for a writ of certiorari in the Supreme Court of the United States, which was also denied. *Id.*, ECF Nos. 72, 78.

On April 19, 2017, Taylor filed a motion to vacate his criminal conviction pursuant to 28 U.S.C. § 2255, arguing that he should not have been classified as a career offender under the United States Sentencing Guidelines ("USSG") because his prior offenses were not qualifying convictions for that categorization. *Taylor I*, ECF No. 214. The Sentencing Court denied Taylor's motion on December 17, 2018. *Id.*, ECF No. 232.

### B.     *Proceedings in this Court*

On July 23, 2021, Taylor filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an accompanying memorandum of law. (ECF Nos. 1, 3). In his petition, Taylor asserts that he is "factually innocent" of his conviction for being a felon in possession of a firearm pursuant to § 922(g). (ECF No. 1 at 6). He claims that he is able to challenge his supposedly-invalid conviction in a § 2241 petition using the "savings clause" exception in § 2255(e) because the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) changed the law related to his crime. (ECF No. 3 at 5–8). Taylor posits that his claim fits the test outlined by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (*Id.* at 7–28). He maintains that the record of his criminal case shows that "neither the indictment's charging language, nor its factual allegations" put him on notice that the Government needed to prove he knew of his status that made gun possession illegal. (*Id.* at 28).

On September 24, 2021, Respondent answered the Court's order to show cause why relief should not be granted. (ECF No. 6). Respondent asks the Court to dismiss Taylor's claim because it does not fall within the savings clause of § 2255(e). (*Id.* at 1). He argues that, under Sixth Circuit precedent, "the change in statutory interpretation brought about by *Rehaif* [does] not apply retroactively and is therefore not a substantive

3

change in the law under the second prong of the *Jones* test." (*Id.* at 6). Furthermore, Respondent shows that Taylor cannot show that a reasonable juror would not have convicted him because the stipulation of facts concerning his felon status at the time of his gun possession and testimony elicited by Taylor's defense counsel show that he knew he was a felon. (*Id.* at 7–8). Respondent also asserts that *Rehaif* did not impact the rule as to whether the Government must include § 924(a)(2) in a charge for § 924(g). (*Id.* at 8).

On February 1, 2022, Taylor replied. (ECF No. 15). Rejecting Respondent's analysis, Taylor maintains that *Rehaif* announced a new rule that is retroactively applicable and renders his conduct noncriminal. (*Id.* at 4–5). He insists that the combination of the lack of mention of § 924 in the indictment, subsequent sentencing for the "un-indicted § 924" charge, and sentence as an armed career criminal despite having just one previous serious drug offense "piles up the plate" alongside his *Rehaif* claim. (*Id.* at 7–8). He reiterates his belief that the indictment and sentence are invalid due to *Rehaif* and that allowing his judgment to stand would deprive him "of several constitutional protections, prohibit him from ever mounting a defense to the knowledge-of-status element, require inappropriate [appellate] factfinding, and do serious harm to the judicial process." (*Id.* at 10–11). He notes that the knowledge-of-status element was not at issue at trial because settled law established that the Government was not required to prove defendants were aware of their prohibited status and such an objection would have been futile. (*Id.* at 15).

## II. Standard of Review

Respondent requests that Taylor's § 2241 petition be dismissed or transferred to Taylor's court of conviction. (ECF No. 6 at 1). Respondent does not articulate under which

rule's authority he seeks dismissal but presumably this request is made pursuant to Federal Rule of Civil Procedure 12(c), as Respondent filed a Response concurrently with his motion to dismiss. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). When deciding a motion for judgment on the pleadings under Rule 12(c), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted); *also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that the court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). In addition, the court may consider "matters of public record," including documents from prior or pending court proceeding when resolving the motion, without converting it into a motion for summary judgment. *Walker*, 589 F.3d at 139.

### III.   Discussion

Taylor argues that his conviction for possession of a firearm should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual

5

knew both (1) that he engaged in the prohibited conduct of possessing a firearm, and (2) that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

      Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, in the context of a challenge to the validity of a conviction, the savings clause creates a narrow opening for a petitioner to file a § 2241 petition when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or

the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Taylor claims that his conviction should be set aside because the United States failed to prove an essential element of the charge against him—namely, that he knew of his status as a felon. Consequently, his claim must be brought under 28 U.S.C. § 2255, unless he can show that the savings clause applies to his petition. Satisfaction of the savings clause requirements is jurisdictional, and if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

Looking at the three prongs of *In re Jones,* the undersigned **FINDS** that Taylor satisfies the first and third prongs of the test, but simply cannot meet the second prong, which requires him to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. When evaluating a habeas petition under the savings clause, the court applies the substantive law of the circuit in which the petitioner was convicted, and the procedural law of the circuit in which the petitioner is incarcerated. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). As Taylor was convicted in Kentucky and was housed in West Virginia

at the time he filed the petition, the substantive law of the Sixth Circuit and the procedural law of the Fourth Circuit will be used.

With respect to the first prong of *In re Jones,* at the time Taylor was convicted, settled law of the Sixth Circuit established the legality of his conviction. *See, e.g., United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020) ("Prior to Rehaif, this court...did not require the government to prove that the defendant knew of his prohibited status when he knowingly possessed a firearm."). As to the third prong, Taylor does not satisfy the gatekeeping provisions of § 2255 because the rule announced in *Rehaif* is not one of constitutional law. *See, e.g., Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).

To meet the second prong of *In re Jones*, however, Taylor must establish three elements: (1) that *Rehaif* announced a new rule of substantive law; (2) that the change of law occurred after his appeal and first § 2255 motion; and (3) that the conduct of which he was convicted is now deemed not to be criminal. Taylor cannot establish these elements because the Supreme Court's decision in *Rehaif* did not decriminalize the underlying conduct for which Taylor was charged and convicted. In *In re Jones*, after the defendant had already filed one § 2255 motion, the Supreme Court decided a different case which held that Jones's conduct—mere possession of a firearm—did not constitute criminal "use" of a firearm in the statutory context. *In re Jones*, 226 F.3d at 334. Therefore, Jones's conduct was innocent. By contrast, the *Rehaif* Court looked solely at the elements necessary to prove the offense of possession of a firearm by a prohibited person, concluding that the United States had to prove four elements, including that the defendant knew he was a member of a class of individuals statutorily prohibited from

8

possessing firearms. Notably, the Court did ***not*** hold that possession of a firearm by a felon was no longer criminal.

Taylor has not identified, and the undersigned has not located, any decision from the Supreme Court or the Sixth Circuit holding that the possession of a firearm by a felon is not criminal. Moreover, several courts within this circuit that have addressed the second prong of *In re Jones* in cases involving petitioners sentenced in other circuits have held that *Rehaif* did not fundamentally alter the criminal nature of the conduct for which Taylor was convicted. *See, e.g.*, *Jackson v. Warden, FCI McDowell,* No. CV 1:19-00149, 2022 WL 987937, at *4 (S.D.W. Va. Mar. 31, 2022) ("Courts within the Sixth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Hill was convicted is no longer illegal.") (citations omitted); *Sandlain v. Warden, FCI McDowell,* No. 1:20-CV-00424, 2021 WL 5068388, at *3 (S.D.W. Va. Sept. 27, 2021), *report and recommendation adopted*, No. CV 1:20-00424, 2021 WL 5056080 (S.D.W. Va. Nov. 1, 2021) (applying Sixth Circuit law to conclude that petitioner's *Rehaif* claim does not satisfy the *Jones* test); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) (same), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) (holding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases).

Both the Sixth Circuit and the Supreme Court have addressed the impact of the

*Rehaif* decision on cases like this one where the defendant was convicted of being a felon in possession of a firearm without proof that he knew he was a felon. *See Greer v. United States*, 141 S. Ct. 2090 (2021); *United States v. Grayer*, No. 20-5842, 2021 WL 3813198, at *4 (6th Cir. Aug. 26, 2021). In *Greer*, the Supreme Court clarified that an error under *Rehaif* is not a structural error, but rather a "discrete defect[] in the criminal process," which does not automatically require reversal of the conviction. *Greer,* 141 S. Ct. at 2099-100. To the contrary, to succeed on an appellate claim under *Rehaif,* the defendant must show more than just a plain error—that being that the Government failed to prove the defendant's knowledge of his felon status. In addition to plain error, the defendant must also make an adequate showing that he would have presented evidence in the district court to establish that he did not know he was a felon, and that the *Rehaif* error affected his "substantial rights." In other words, the defendant must show that there was a reasonable probability that the outcome of the district court proceeding would have been different if not for the *Rehaif* error. If the defendant satisfies these three elements, the appellate court may grant relief only if it concludes "that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer,* 141 S. Ct. at 2093. In *Grayer*, the Sixth Circuit concluded that the appellant criminal defendant could not show that his substantial rights were affected by the failure of the Government to include the knowledge-of-status element in the indictment when the defendant stipulated to his felon status at trial and acknowledged that he had served long prison sentences in the past. *Grayer*, 2021 WL 3813198, at *4

These courts also noted that when a defendant has been convicted of a crime punishable by a sentence in excess of one year, evidence of such convictions is all but determinative of the knowledge-of-status element. *United States v. Raymore*, 965 F.3d

475, 486 (6th Cir. 2020); *Greer*, 141 S. Ct. at 2097-97 (holding that a history of multiple felony convictions is substantial evidence that the defendant knew he was a felon). Furthermore "if a defendant was in fact a felon, it [would] be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Greer*, 141 S. Ct. at 2097; *Schmitt v. Gomez*, No. 6:21-CV-089-JMH, 2021 WL 2292215, at *2 (E.D. Ky. May 28, 2021) (denying § 2241 petition when petitioner "provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon") ("Schmitt's stipulation at trial that he had a prior felony conviction undercuts the implication that he somehow did not know he was a felon when he possessed the firearm."); *Kerr v. Gomez*, No. 21-5027, 2022 WL 867821, at *2 (6th Cir. Jan. 27, 2022); *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020)), *cert. denied*, 141 S. Ct. 2814 (2021). As discussed above, Taylor stipulated at trial that he had been convicted of a felony, and he presents no argument or evidence here to demonstrate that he was unaware of his conviction at the time he possessed firearms. In the Sixth Circuit, Taylor's conduct has not been rendered noncriminal by the Supreme Court's decision in *Rehaif*.

While these decisions do not directly address the criteria of *In re Jones*, they are offered to show that the possession of a firearm by a felon continues to be criminal conduct under federal law. The cases establish that the burden placed on a defendant raising a *Rehaif* challenge is heavy. Accordingly, the undersigned **FINDS** that the savings clause of § 2255 does not provide Taylor with a remedy under § 2241.

Given that Taylor's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fourth Circuit has declined to impose "a blanket policy

11

of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Taylor cannot meet the gatekeeping provisions of § 2255 because he cannot demonstrate a new rule of constitutional law. Therefore, the undersigned **FINDS** that the interest of justice would not be served by construing the petition as a motion under § 2255 and transferring it to the Sentencing Court or the Sixth Circuit. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

### IV.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Taylor's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 6), be **GRANTED**;  and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 11, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge