UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TONY TAYLOR,

    Petitioner,

v.                                               CIVIL ACTION NO. 5:21-CV-00414

WARDEN, *FCI Fort Dix*,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Tony Taylor's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], and Respondent's Motion to Dismiss.[1] [Doc. 6].

### I.

On September 2, 2019, a grand jury in the Eastern District of Kentucky returned a ten-count superseding indictment against Mr. Taylor. [Doc. 16 at 2]. The superseding indictment charged Mr. Taylor with, *inter alia*, illegal possession of a firearm by a person previously convicted of a crime punishable by more than a year of imprisonment. 18 U.S.C. § 922(g)(1). The parties stipulated before trial that Mr. Taylor had previously been convicted of a crime punishable by more than a year of imprisonment. [*Id.*]. Following a jury trial, Mr. Taylor was convicted of all ten counts. [*Id.*]. On March 14, 2011, Mr. Taylor was sentenced to serve 360 months of imprisonment. [*Id.*]. Mr. Taylor was formerly imprisoned at the Federal Correctional Institution,

---

[1] Because Petitioner has been transferred to FCI Fort Dix from FCI Beckley, Magistrate Judge Eifert directed the Clerk to update the proper respondent to FCI Fort Dix's warden. [Doc. 16 at 1].

Beckley ("FCI Beckley"), but is currently incarcerated at Federal Correctional Institution Fort Dix ("FCI Fort Dix") in New Jersey. [*Id* at 1]. Mr. Taylor appealed his conviction to the United States Court of Appeals for the Sixth Circuit, but his appeal was denied. [*Id.* at 2]. Mr. Taylor then petitioned for a Writ of Certiorari to the Supreme Court of the United States, which was also denied. [*Id.*]. In April 2017, Mr. Taylor moved pursuant to 28 U.S.C. § 2255 seeking vacatur of his conviction. [*Id.* at 3]. Mr. Taylor contended he was mistakenly classified as a career offender and that his previous offenses were not qualifying predicates for the career offender enhancement. [*Id.*]. In December 2018, this petition was also denied. [*Id.*].

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on April 11, 2022. [Doc. 16]. Magistrate Judge Eifert recommended that the Court deny Mr. Taylor's Petition for a Writ of Habeas Corpus, grant Respondent's Motion to Dismiss, dismiss this matter with prejudice, and remove it from the Court's docket. Mr. Taylor filed objections to the PF&R on May 2, 2022. [Doc. 17].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

### III.

A.   ***Objection to In Re Jones* application**

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which held that a § 922(g) conviction required that the defendant knowingly possess a firearm but also know he was a member of a prohibited class of persons. Mr. Taylor now challenges his conviction on *Rehaif* grounds. Specifically, Mr. Taylor objects to Magistrate Judge Eifert's finding that he has not met the *In re Jones* requirements. Magistrate Judge Eifert found that Mr. Taylor "satisfies the first and third prongs of the [*Jones*] test, but simply cannot meet the second prong, which requires him to show that 'the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal.'" [Doc. 16 at 7 (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)]. Mr. Taylor generally objects to the contention that his underlying conduct was not decriminalized by the decision reached in *Rehaif*.

"Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences." *Marlowe v. Warden, Fed. Corr. Inst. Hazelton*, 6 F.4th 562, 568 (4th Cir. 2021) (quoting *Farkas v. Warden, FCI Butner II*, 972 F.3d 548, 554 (4th Cir. 2020); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "Congress has provided one exception to this general rule. The savings clause in Section 2255(e) permits a prisoner to file a traditional Section 2241 habeas petition if it 'appears that the [Section 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Marlowe*, 6

3

F.4th at 568 (quoting 28 U.S.C. § 2255(e)) (alterations in original). While § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed by § 2255. Rather, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

Our Court of Appeals has adopted a three-part test for determining when the savings clause applies. That test provides that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 72 (4th Cir. 2001); *Hayes v. Ziegler,* No. 5:11-cv-00261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014). Satisfaction of the savings clause requirements is jurisdictional. Thus, if the provision does not apply, the Court is not authorized to adjudicate the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

To satisfy the second *In re Jones* requirement, Mr. Taylor must show that (a) *Rehaif* announced a new rule of substantive law; (b) the change of law occurred after his appeal and first

4

§ 2255 motion; and (c) the conduct of which he was convicted is now deemed not to be criminal. *In re Jones*, 226 F.3d at 334.

The decisional law in the United States Court of Appeals for the Sixth Circuit teaches that *Rehaif* did not somehow legalize the conduct for which Taylor was convicted. *Khamisi-El v. United States*, 800 F. App'x 334, 349 (6th Cir. 2020); *see also United States v. Smart,* No. 5:18-cr-00647, 2021 WL 5040467 (N.D. Ohio Oct. 29, 2021) ("[P]ossession of a firearm by a person convicted of a felony was illegal both before and after *Rehaif* was decided." (citing *United States v. Jones,* No 3:16-CR-059, 2021 WL 325922, at *5 (S.D. Ohio Feb. 1, 2021))).[2] "[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*." *Swindle v Hudgins*, No. 5:19-00300, 2020 WL 469660 at *2 (N.D. W. Va. Jan 29, 2020). In sum, Mr. Taylor's possession of a firearm while prohibited was not decriminalized by *Rehaif*. Instead, *Rehaif* merely reformulated the elements of the offense.

Next, Magistrate Judge Eifert concluded that Mr. Taylor's admitted conduct by stipulation nevertheless represented a violation of § 922(g) despite the new requirements specified in *Rehaif*. Mr. Taylor disagrees. He asserts that this "supportive evidence" did not "overwhelmingly" prove his guilt. [Doc. 17 at 15]. It is unnecessary, however, to "overwhelmingly" prove Mr. Taylor's guilt to uphold his § 922(g) conviction. [*Id.*]. Assuming the required change in the substantive law governing the matter, Mr. Taylor is required to satisfy the three requirements necessary for plain-error relief. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). First, there must be an error. *Id.* Second, the error must be plain. *Id.* Third,

---

[2] The substantive law of the Sixth Circuit, and the procedural prerequisites of this Circuit, apply inasmuch as the petitioner was convicted in Kentucky and incarcerated in West Virginia when he filed the instant petition.

"the error must affect 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (quoting *Rosales-Mireles*, 138 S. Ct. at 1904–05). "[The petitioner] has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability'" that the petitioner would have made a different decision regarding a plea of guilt. *Id.* at 2097 (quoting *United States v. Dominguez Benitez*, 124 S. Ct. 2333 (2004)).

But Mr. Taylor stipulated he was properly classified as a felon at the time of his possession of the subject firearm. That brings the matter to a close. A similar result occurred in *United States v. Grayer*, No. 20-5842, 2021 WL 3813198 (6th Cir. Aug. 26, 2021). In *Grayer,* the Sixth Circuit concluded the defendant was unable to prove his substantial rights were affected by the Government's omission of the knowledge-of-status element in the indictment due, in part, to a stipulation admitting his felony status. [Doc. 16 at 10 (citing *Grayer*, 2021 WL 3813198, at *4)].

Inasmuch as Mr. Taylor's underlying conduct is still criminal, and the record reflects that Mr. Taylor admitted to the conduct required post-*Rehaif* through his stipulation, the Court **OVERRULES** the aforementioned dual objections. Again, satisfaction of the *In re Jones* requirements is jurisdictional; Mr. Taylor's failure to satisfy the second prong of *Jones* is dispositive. *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660 (N.D.W. Va. Jan. 29, 2020). When a petitioner brings a § 2241 petition that does not satisfy the savings clause within § 2255, "the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." *Id.* (citing *Rice*, 617 F.3d at 807).

B.  *Miscellaneous Objections*

Mr. Taylor's additional objections are subject to summary disposition. First, he contends he should not have been classified as an Armed Career Criminal ("ACC"). He states that applying *Rehaif* to his case in conjunction with his ACC classification "piles the plate high with errors." [Doc. 17 at 7]. Magistrate Judge Eifert's PF&R did not contain findings respecting Mr. Taylor's status as an ACC other than stating that he has in fact been classified as an ACC. The Court is unable to discern the basis for the objection.

Second, Mr. Taylor objects to his case being transferred. Magistrate Judge Eifert actually concluded "the interest of justice would not be served by construing the petition as a motion under § 2255 and transferring it to the Sentencing Court or the Sixth Circuit. Instead, this action should be dismissed outright for failure to state a claim under § 2241." [Doc. 16 at 12]. The objection is thus moot.

Finally, Mr. Taylor contends that, in addition to the *Rehaif* claim and the mis-alleged attempt to transfer his case, he was deprived of his Fifth and Sixth Amendment rights based upon the omission of the knowledge-of-status element in the indictment. As discussed generally in the PF&R, omission of the knowledge-of-status element did not affect Mr. Taylor's "substantial rights." [Doc. 16 at 10].

Based upon the foregoing discussion and the contents of the PF&R, the Court **OVERRULES** Mr. Taylor's objections.

### IV.

For the reasons discussed herein, the Court **ADOPTS** the PF&R [**Doc. 16**], **GRANTS** Respondent's Motions to Dismiss [**Doc. 6**], and **DISMISSES** Mr. Taylor's Petition [**Doc. 1**].

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 19, 2022

Frank W. Volk
United States District Judge